NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK M. ST. FLEUR, <br>                       Plaintiff, <br> v. <br> CITY OF LINDEN, NEW JERSEY (a New Jersey Municipal Corporation); POLICE DEPARTMENT OF THE CITY OF LINDEN; LAW DEPARTMENT OF THE CITY OF LINDEN; NICHOLAS P. SCUTARI (in his official capacity as Chief Municipal Prosecutor); JAMES M. SCHULHAFER (in his official capacity as Chief of the City of Linden Police Department); OFFICER MARTIN JEDRZEJEWSKI; OFFICER GAVIN SHEEHAN; OFFICER JASON MOHR; LIEUTENANT ANDREW BARA; SERGEANT [FNU] PETRUSKI; CHARLES CRANE and JOHN DOES 1-100 <br>                       Defendants. | Civil Action No. 15-1464 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

       This matter comes before the Court upon Defendant Martin Jedrzejewski's appeal *nunc pro tunc* (Docket No. 85) of Magistrate Judge Cathy Waldor's order (Docket No. 66) requiring that disclosures containing certain unredacted identifiers be made on an attorneys' eyes only basis. For the reasons stated below, Defendant's appeal is denied.

I.    **LEGAL STANDARD**

       United States Magistrate Judges may hear and determine non-dispositive pretrial matters pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A). Local Civil Rule 72.1(c)(1)(A) requires that District Court Judges set aside orders by Magistrate Judges that are "found to be

1

clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). As the party filing the notice of appeal, Defendant bears the burden of demonstrating that Magistrate Judge Waldor's decision violates this standard of review. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J.1994).

## II. DISCUSSION

This court recognizes that police officers in the Linden Police Department, including Defendant Sergeant Jedrezejewski, have both a privacy interest in the information sought as well as an important interest in protecting their safety. Indeed, as cited by Defendant, "Police officers have a justifiable fear that disclosing their home addresses could jeopardize their safety." Graham v. Carino, No. CIV.09-4501 JEI/AMD, 2010 WL 2483294, at *2 (D.N.J. June 4, 2010).

Rule 26 provides for broad discovery of evidence that is relevant "to any party's claim or defense and proportional to the needs of the stake, considering [among other factors] . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). In this case, the information is relevant evidence that falls within the broad scope of discovery outlined in Rule 26. It is possible, perhaps even likely, that Plaintiff's counsel could not conduct thorough and complete discovery, including a credibility examination under Federal Rule of Evidence 608, without such information. Further, the risk to Defendant Jedrezejewski's safety is minimized by Magistrate Judge Waldor's limiting instruction that such information is for attorneys' eyes only. Defendant has provided no evidence—nor is there reason to believe—that Plaintiff's counsel will be unable to abide by this instruction. Further, there is no indication that such information will be accessed

by Plaintiff, so the reference in Defendant's appeal to Plaintiff's criminal background is irrelevant.

As the party moving for appeal, Defendant fails to meet its burden in citing relevant legal authority that indicates why Magistrate Judge Waldor's opinion is clearly erroneous or contrary to law. Defendant makes passing reference in his appeal to New Jersey Executive Order 11, which states that "personnel or pension records of an individual" shall generally not be publicly disclosed, except information such as "An individual's name, title, position, salary, payroll record, length of service in the instrumentality of government and in the government, . . ." N.J. Exec. Order 11 (Nov. 15, 1974). As stated above, however, Magistrate Judge Waldor's order limits the disclosure of such unredacted information to Plaintiff's counsel only. Therefore, New Jersey Executive Order No. 11, which regards the public dissemination of such information, is inapposite.

### III. CONCLUSION

For all of the forgoing reasons,

**IT IS** on this 4th day of October, 2017,

**ORDERED** that Defendant Jedrezejewski's appeal (Docket No. 85) of Magistrate Judge Waldor's order is **DENIED.**

STANLEY R. CHESLER
United States District Judge